# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00574-CR

---

**Steven Laron Appling, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 21ST DISTRICT COURT OF LEE COUNTY
### NO. 9949, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Steven Laron Appling pleaded guilty to evading arrest or detention with a vehicle, enhanced by a prior felony conviction, and was sentenced on May 7, 2024, to twenty years' confinement. *See* Tex. Penal Code §§ 12.42(a), 38.04(a), (b)(2)(A). On May 16, 2024, Appling filed through counsel a waiver of his right to appeal in exchange for the State's dismissal of three indictments pending against him.[1] However, on August 28, 2024, Appling filed a pro se notice of appeal from his conviction.[2]

---

[1] The trial court's certificate of Appling's right of appeal, in which the court certified only that this "is not a plea-bargain case, and the defendant has the right of appeal," was executed prior to Appling's negotiated waiver of his right to appeal. *See* Tex. R. App. P. 25.2(a)(2), (d). Because we lack jurisdiction as a result of the appeal's untimeliness, we need not remand this case to the trial court to correct the certification. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005).

[2] Appling had been appointed appellate counsel on May 7, 2024. Even if his appeal were timely, Appling has no right to hybrid representation, and his pro se notice of appeal

In criminal cases, a notice of appeal must be filed within 30 days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order.  Tex. R. App. P. 26.2(a)(1).  The period is extended to within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.  Tex. R. App. P. 26.2(a)(2).  An appellate court may also extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the defendant files in the trial court the notice of appeal and files in the appellate court a motion for extension of time to file the notice of appeal. Tex. R. App. P. 26.3.  Under Texas's "mailbox rule," a document received within 10 days after the filing deadline is considered timely filed if it was sent to the proper clerk, placed in a properly addressed and stamped envelope, and deposited in the mail or delivered to a commercial delivery service before the last day for filing.  *See* Tex. R. App. P. 9.2(b)(1).

Because Appling did not file a motion for new trial, his notice of appeal was due on June 6, 2024.  *See* Tex. R. App. P. 26.2(a)(1).  He did not file a motion for extension of time, and his notice of appeal, which was undated, was file-stamped by the district clerk's office on August 28, 2024.  Consequently, his notice of appeal is untimely, and we have no discretion to do anything other than dismiss the appeal.[3]  *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (explaining that "[a] notice of appeal which complies with the requirements of

presents nothing for our review.  *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989).

[3] The remedy for an untimely notice of appeal is to file an application for post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal.  *See* Tex. Code Crim. Proc. art. 11.072; *Bell v. State*, No. 03-24-00047-CR, 2024 WL 968884, at *1 n.1 (Tex. App.—Austin Mar. 7, 2024, no pet.) (mem. op., not designated for publication).

Tex. R. App. P. 26 is essential to vest the court of appeals with jurisdiction" and that if appeal is not timely perfected, "a court of appeals does not obtain jurisdiction to address the merits of the appeal" and "can take no action other than to dismiss the appeal"); *see also Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (noting that "one day is enough to deprive the appellate court of jurisdiction to consider appellant's appeal under the Texas Rules of Appellate Procedure").

Accordingly, we dismiss the appeal for want of jurisdiction.

_____

Edward Smith, Justice

Before Justices Baker, Smith, and Theofanis

Dismissed for Want of Jurisdiction

Filed:   September 25, 2024

Do Not Publish